FILED
2008 MAY -9 PM 4:47
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHUNTA MONTGOMERY, aka "Squirrel," DONYEA TOBIAS, aka "Yea-Yo," and DION DAVIS,<br>Defendants. | CR No. 08- CR08-00557<br>I N D I C T M E N T<br>[21 U.S.C. § 846: Conspiracy to Distribute Cocaine Base in the Form of Crack Cocaine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(B)(iii): Distribution of Cocaine Base in the Form of Crack Cocaine] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A. OBJECT OF THE CONSPIRACY

Beginning from at least on or about February 25, 2008, and continuing to at least on or about April 1, 2008, in Los Angeles County, within the Central District of California, defendants SHUNTA MONTGOMERY, also known as "Squirrel" ("MONTGOMERY"), DONYEA TOBIAS, also known as "Yea-Yo" ("TOBIAS"), and DION DAVIS ("DAVIS"), and others known and unknown to the Grand Jury,

EC:ec

knowingly and intentionally conspired and agreed with each other to distribute 50 grams or more of a mixture or substance containing cocaine base in the form of crack cocaine ("crack cocaine"), a schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii).

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance as follows:

1. Defendant MONTGOMERY would negotiate with prospective buyers to sell crack cocaine for a certain price, and would arrange to deliver the crack cocaine to the prospective buyers.

2. Defendants TOBIAS and DAVIS would supply crack cocaine to defendant MONTGOMERY for distribution to prospective buyers.

3. Defendants TOBIAS and DAVIS would transport and deliver crack cocaine to prospective buyers.

4. Defendants MONTGOMERY, TOBIAS, and DAVIS would accept payment for the crack cocaine from the buyers.

5. Defendant MONTGOMERY would also accept payment from the buyers for brokering the crack cocaine transactions.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants MONTGOMERY, TOBIAS, and DAVIS, and others known and unknown to the Grand Jury, committed various overt acts on or about the following dates, within the Central District of California, including, but not limited to, the following:

1. On or about February 25, 2008, defendant MONTGOMERY offered to sell crack cocaine to a Bureau of Alcohol, Tobacco, Firearms and Explosives Confidential Informant ("CI").

2. On or about February 25, 2008, defendant MONTGOMERY and the CI drove to defendant MONTGOMERY's residence on Louise Street in Long Beach, California.

3. On or about February 25, 2008, defendant MONTGOMERY sold the CI approximately .62 grams of crack cocaine inside of the CI's car for $50.

4. On or about February 25, 2008, defendant MONTGOMERY offered to sell the CI additional crack cocaine in the future.

5. On or about March 6, 2008, defendant MONTGOMERY agreed to sell the CI one ounce of crack cocaine.

6. On or about March 6, 2008, defendant DAVIS drove to defendant MONTGOMERY's residence to deliver the crack cocaine to defendant MONTGOMERY that defendant MONTGOMERY had agreed to sell to the CI.

7. On or about March 6, 2008, the CI paid defendant MONTGOMERY $600 for the crack cocaine.

8. On or about March 6, 2008, defendant MONTGOMERY delivered approximately 27.2 grams of crack cocaine to the CI in the CI's car.

9. On or about March 6, 2008, the CI paid defendant MONTGOMERY $40 for brokering the crack cocaine transaction with defendant DAVIS that day.

10. On or about March 12, 2008, defendant MONTGOMERY met with the CI at a barber shop in Long Beach, California, and agreed to sell the CI crack cocaine.

11. On or about March 12, 2008, defendant MONTGOMERY directed the CI to drive to a residence on North Holly Avenue in Compton, California (the "North Holly Avenue Residence").

12. On or about March 12, 2008, defendant MONTGOMERY went into the North Holly Avenue Residence and upon his return, told the CI that the price for two and a half ounces of crack cocaine was $1475.

13. On or about March 12, 2008, the CI paid defendant MONTGOMERY $1480 and defendant MONTGOMERY retrieved the crack cocaine from inside of the North Holly Avenue Residence.

14. On or about March 12, 2008, defendant MONTGOMERY delivered approximately 68.6 grams of crack cocaine to the CI in the CI's vehicle.

15. On or about March 12, 2008, the CI paid defendant MONTGOMERY $20 for brokering the crack cocaine transaction that day.

16. On or about March 18, 2008, defendant MONTGOMERY spoke with the CI on the telephone and agreed to sell the CI crack cocaine.

17. On or about March 18, 2008, defendant MONTGOMERY directed the CI to drive to the North Holly Avenue Residence.

18. On or about March 18, 2008, defendants MONTGOMERY and TOBIAS sold the CI approximately 83.7 grams of crack cocaine inside of the CI's vehicle for $1800.

19. On or about March 18, 2008, defendant TOBIAS told the CI that the CI could return the crack cocaine if the CI did not like it.

20. On or about March 18, 2008, the CI paid defendant MONTGOMERY $200 for brokering the crack cocaine transaction with defendant TOBIAS that day.

21. On or about March 19, 2008, defendant TOBIAS spoke with the CI on the telephone and agreed to sell him crack cocaine.

22. On or about March 19, 2008, defendant TOBIAS instructed the CI to meet him at the North Holly Avenue Residence.

23. On or about March 19, 2008, defendant TOBIAS met with the CI on North Holly Avenue in Compton, California, and defendant TOBIAS sold the CI approximately 41.4 grams of crack cocaine for $900.

24. On or about March 25, 2008, defendant MONTGOMERY contacted the CI and told him that defendant DAVIS had three ounces of crack cocaine available for sale.

25. On or about March 25, 2008, defendant MONTGOMERY met with the CI and directed the CI to drive to the parking lot of a liquor store on Atlantic Avenue in Long Beach, California.

26. On or about March 25, 2008, defendant DAVIS met with defendant MONTGOMERY and the CI in defendant DAVIS' vehicle and sold the CI approximately 82.6 grams of crack cocaine for $1800.

27. On or about April 1, 2008, defendant DAVIS spoke with the CI on the telephone and agreed to sell the CI one ounce of crack cocaine.

28. On or about April 1, 2008, defendant DAVIS instructed the CI to meet him in the same liquor store parking lot on Atlantic Avenue in Long Beach, California, where they had met on March 25, 2008.

29. On or about April 1, 2008, defendant DAVIS sold the CI approximately 27.7 grams of crack cocaine for $600.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about March 6, 2008, in Los Angeles County, within the Central District of California, defendants SHUNTA MONTGOMERY, also known as "Squirrel," and DION DAVIS knowingly and intentionally distributed 5 grams or more, that is, approximately 27.2 grams, of a mixture or substance containing cocaine base in the form of crack cocaine, a schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about March 12, 2008, in Los Angeles County, within the Central District of California, defendant SHUNTA MONTGOMERY, also known as "Squirrel," knowingly and intentionally distributed 50 grams or more, that is, approximately 68.6 grams, of a mixture or substance containing cocaine base in the form of crack cocaine, a schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about March 18, 2008, in Los Angeles County, within the Central District of California, defendants SHUNTA MONTGOMERY, also known as "Squirrel," and DONYEA TOBIAS, also known as "Yea-Yo," knowingly and intentionally distributed 50 grams or more, that is, approximately 83.7 grams, of a mixture or substance containing cocaine base in the form of crack cocaine, a schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about March 19, 2008, in Los Angeles County, within the Central District of California, defendant DONYEA TOBIAS, also known as "Yea-Yo," knowingly and intentionally distributed 5 grams or more, that is, approximately 41.4 grams, of a mixture or substance containing cocaine base in the form of crack cocaine, a schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii)]

On or about March 25, 2008, in Los Angeles County, within the Central District of California, defendants SHUNTA MONTGOMERY, also known as "Squirrel," and DION DAVIS knowingly and intentionally distributed 50 grams or more, that is, approximately 82.6 grams, of a mixture or substance containing cocaine base in the form of crack cocaine, a schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about April 1, 2008, in Los Angeles County, within the Central District of California, defendant DION DAVIS knowingly and intentionally distributed 5 grams or more, that is, approximately 27.7 grams, of a mixture or substance containing cocaine base in the form of crack cocaine, a schedule II narcotic drug controlled substance.

A TRUE BILL

/s/

Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Violent & Organized Crime Section

ELIZABETH R. YANG
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section

ELIZABETH CARPENTER
Assistant United States Attorney
Violent & Organized Crime Section